# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD FINLEY,

    Plaintiff,

vs.

HOWARD SKOLNIK, et al.,

    Defendants.

Case No. 2:10-CV-01782-JCM-(LRL)

**ORDER**

    Plaintiff commenced this action in the Eighth Judicial District Court of the State of Nevada. Defendants have removed the action to this court. The court has reviewed the complaint, and the court will ask the attorney general of the State of Nevada whether she can accept service of process for the defendants that have not yet been served.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that he is Jewish. He claims that prison officials have denied his requests to be provided kosher meals; they require that he provide recognition from an outside Jewish organization that he actually is a conservative or orthodox Jew. Plaintiff also claims that prison officials then retaliated against him when he complained about the denial. Plaintiff's allegations, if true, state claims of violations of the Constitution of the United States and of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

IT IS THEREFORE ORDERED that defendant shall have thirty (30) days from the date on which this order is entered to file and serve an answer or other response to the complaint.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: September 20, 2012.

_____
JAMES C. MAHAN
United States District Judge