UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| EDWARD FINLEY, | 2:10-cv-01782-JCM -VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| HOWARD SKOLNIK, *et al.,* | |
| Defendants. | **(Motion For Immediate Declaration #19)** |

Before the court is plaintiff Edward Finley's Motion For Immediate Declaration. (#19). The defendants filed an Opposition (#20), and plaintiff filed a Reply (#21).

**A.     Background**

On August 31, 2010, plaintiff filed his Civil Rights Complaint under 42 U.S.C. § 1983 in the Eighth Judicial District Court, Clark County, Nevada. (#1-3 "Exhibit A"). Plaintiff asserts in his complaint that he is Jewish and that prison officials denied his requests to be provided with kosher meals, as they require that he provide recognition from an outside Jewish organization that he actually is a conservative or orthodox Jew. *Id*. Defendants removed the action to this court on October 14, 2010, based on federal question jurisdiction under 28 U.S.C. § 1331. (#1). On September 13, 2012, plaintiff filed a motion requesting an order for pretrial conference or scheduling pursuant to Federal Rule of Civil procedure 16, including an affidavit signed by plaintiff under penalty of perjury. (#10). The court issued an order on September 20, 2012, screening plaintiff's complaint (#1-3) and giving defendants thirty days from the entry of the order to file an answer or other response. (#11).

On October 18, 2012, defendants filed a motion to dismiss, arguing that plaintiff's complaint (#1-3) should be dismissed for failure to exhaust administrative remedies pursuant to Rule 12(b). (#12). The court issued an order on November 5, 2012, granting in part and denying in part plaintiff's motion requesting an order for pretrial conference (#10) and issuing a discovery scheduling order. (#16). Plaintiff filed an opposition to the motion to dismiss (#12) on the same day. (#17). Defendants filed a reply in support of their motion to dismiss (#12) on November 14, 2012. (#18). Plaintiff filed the instant motion on November 15, 2012. (#19).

  **B.**  **Motion For Immediate Declaration**

    **1.**  **Arguments**

Plaintiff asserts in his motion that the Deputy Attorney General (hereinafter "Deputy AG") mailed several prison officials a full copy of the motion for pretrial conference (#10) and stated that plaintiff violated a court procedure by filing the motion. (#19). Plaintiff states that two prison officials then served him with "a notice of charges by way of a MJ48,[1] which reads "A Violation of A Court Procedure." *Id.* Plaintiff went before a disciplinary committee on October 16, 2012, and Sergeant S. Gentry found him guilty and sentenced him to 60 days "D.S.," meaning "hole time." *Id.*

On October 19, 2012, plaintiff was removed from "level one status to level two status[,] which is a disciplinary unit[,] for one year because of the motion [he] filed that the Deputy [AG] said violated a court procedure." *Id.* Plaintiff asserts that this move caused him to lose his ability to go to his education classes "where [he] could earn days off [his] sentence." *Id.* Plaintiff asks this court to declare that he did not violate a court procedure and to "declare in harsh terms that only the court, not the Attorney General['s] Office, not lawyers, not prison officials, can declare a litigation participant in violation of court procedure." *Id.*

---

[1] *See* NDOC Administrative Regulation 707, entitled Inmate Disciplinary Process, (Effective Date: 02/12/10) at 707.02(5)(MJ48) ("Any violation of Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure, Criminal Procedure or Appellate Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purpose, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes.").

The defendants assert in their opposition that plaintiff's motion should be denied in its entirety, as the court does not have jurisdiction over the parties plaintiff is seeking declaratory relief against and the declaratory relief sought relates to conduct "not related to the instant litigation." (#20).  The Deputy AG also provided the court with a declaration "for the purpose of explaining defense counsel's involvement with respect to the charges made against [p]laintiff for a violation of NDOC Disciplinary Offense MJ48." *Id.*  The Deputy AG explained to the court in her declaration that plaintiff had made false statements in his affidavit (#10), including that the Attorney General's Office offered to settle the case by sending plaintiff a "Release and Full Settlement & Compromise" of $1,500 and contacting plaintiff via "tele-conference." (#20-1).  The Deputy AG stated that since it was her good faith belief that plaintiff's affidavit (#10) contained false statements, she provided a copy of the motion and affidavit (#10) to the Administrative NDOC staff at Lovelock Correctional Center. *Id.*  She also stated that she did <u>not</u> advise the staff that plaintiff violated any court procedure or direct them to issue a notice of charges against plaintiff.  *Id.*

Plaintiff asserts in his reply that the Deputy AG did not approach the court regarding the false statement made in the declaration or advise plaintiff of the "clerical error" so that he could explain the "mix up." (#21).  Plaintiff also asserts that if there had been "counsel in this case on [his] behalf, counsel would have advised counsel of the error before proceeding to prison officials," and if he "had been in society," counsel would have informed the court of the error. *Id.*

    **2.**    **Relevant Law/Discussion**

Plaintiff asks this court for declaratory relief against prison officials who are not parties to the instant action relating to disciplinary actions taken against him in the prison. (#19).  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepada v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). "Federal courts lack the power to interfere

with decisions made by state prison officials, absent constitutional violations. Courts must recognize that the authority to make policy choices concerning prisons is not a proper judicial function." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)), citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979). As the prison officials who found plaintiff guilty of violating MJ48 and imposed disciplinary action against him are not parties to this action, the relief sought by plaintiff is improper and is denied. *Zepada*, 753 F.2d at 727. The declaratory relief sought is also improper based on the fact that this court does not have the power to interfere with the decision of the prison officials to remove plaintiff from level one status to level two status as a punishment for his violation of NDOC Administrative Regulations. *Hoptowit*, 682 F.2d at 1246; *Bell*, 441 U.S. 562.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Edward Finley's Motion For Immediate Declaration (#19) is DENIED.

DATED this 20th day of December, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE