# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD FINLEY,

    Plaintiff,

vs.

HOWARD SKOLNIK, et al.,

    Defendants.

Case No. 2:10-CV-01782-JCM-(VCF)

**ORDER**

    Presently before the court is defendants' motion to dismiss. (Doc. # 12). Pro se plaintiff Edward Finley filed a response in opposition (doc. # 17), and defendants filed a reply (doc. # 18).

    Also before the court is defendants' motion to stay discovery, or alternatively, motion for enlargement of time. (Doc. # 28). No response or reply has been filed.

    Also before the court is defendants' motion to amend/correct a previously filed notice. (Doc. # 31). No response or reply has been filed.

**I.    Background**

    Plaintiff is an inmate in state custody. Plaintiff initiated this civil action by filing a compliant entitled "civil tort claim" in state court. (See doc. # 1). The complaint named all of the following prison official state defendants: Howard Skolnik, Greg Cox, Brian Williams, Cheryl Burson, Clarence King, Lavert Taylor, William Tate, and Tanya Hill.

. . .

. . .

1    The defendants timely removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1443.
2 (Doc. # 1). This court issued its screening order of the complaint. (Doc. # 11). The court recognized
3 the following claim:

> Plaintiff alleges that he is Jewish. He claims that prison officials have denied his requests to be provided kosher meals; they required that he provide recognition from an outside Jewish organization that he actually is a conservative or orthodox Jew. Plaintiff also claims that prison officials then retaliated against him when he complained about the denial. Plaintiff's allegations, if true, state claims of violations of the Constitution of the United States and of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

(Doc. # 11). In the screening order the court ordered defendants to serve an answer or other response.

After the screening order, defendants filed the instant motion to dismiss. Defendants argue that plaintiff's complaint should be dismissed because he failed to exhaust administrative remedies at the prison before filing the complaint. (Doc. # 12).

**II.    Legal Standard**

"The failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "[D]ismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Id.* (quoting *Health v. Cleary*, 708 F.2d 1376, 1380 n. 4 (9th Cir. 1983). Therefore, the dismissal is better suited at the motion to dismiss stage as opposed to the summary judgment stage because "summary judgment is on the merits." *Id.* (quoting *Stauffer Chem. Co. v. FDA*, 670 F.2d 106, 108 (9th Cir. 1982).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide the disputed issues of fact." *Id.* at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20.

. . .

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.."); *Jones v. Bock*, 549 U.S. 199, 212 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Finally, exhaustion must predate the filing of the lawsuit–a prisoner cannot properly exhaust under § 1997e(a) if the exhaustion of administrative remedies occurs while the lawsuit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

### III. Discussion

Plaintiff's complaint states that each of the pled counts in the complaint occurred from April 19, 2010, to the present. Plaintiff further alleges that he exhausted administrative remedies by way of grievance number 2006-289-6803.

Defendants have produced the operative grievance with their motion. (*See* doc. # 12, exs. A-C). Defendants argue that the operative grievance does not make the same claims as those that survived this court's screening order. Defendants argue that plaintiff did not submit any grievances pertaining to claims recognized in the screening before plaintiff filed his complaint.

The court has reviewed the attached grievance, filled out by plaintiff, and the declarations of the prison officials involved. In plaintiff's grievance, he does not make the same claims as those that survived the screening in this lawsuit.

In his response to the motion to dismiss, plaintiff lists several grievances that may or may not have made the same claims that are alleged in this lawsuit. Defendants correctly point out that all the grievances listed in plaintiff's response were filed after the initiation of this lawsuit. Therefore, those grievances cannot save the complaint from dismissal without prejudice.

Additionally, defendants have filed a motion to stay discovery pending the motion to dismiss. The court's finding that the complaint should be dismissed without prejudice moots the motion to stay discovery. The dismissal of the complaint further moots the motion to amend/correct the notice filed by defendants (doc. # 31).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 12) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's complaint shall be dismissed without prejudice. The clerk of the court shall enter judgment and close the case.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion to stay discovery, or alternatively, motion for enlargement of time (doc. # 28) be, and the same hereby, is DENIED as moot.

IT IS FURTHER, ORDERED, ADJUDGED, AND DECREED that defendants' motion to amend/correct the motion to strike (doc. # 31) be, and the same hereby, is DENIED as moot.

DATED March 27, 2013.

_____
UNITED STATES DISTRICT JUDGE