# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD FINLEY,

    Plaintiff,

vs.

HOWARD SKOLNIK, et al.,

    Defendants.

Case No. 2:10-CV-01782-JCM-(VCF)

**ORDER**

Presently before the court is *pro se* prisoner plaintiff's motion for a new trial, or alternatively, alter or amend a judgment. (Doc. # 36). Defendants filed a response in opposition (doc. # 39), and plaintiff filed a reply (doc. # 41).

**I.**     **Background**

Plaintiff is an inmate in state custody. Plaintiff initiated this civil action by filing a compliant entitled "civil tort claim" in state court. (See doc. # 1). The complaint named all of the following prison officials as defendants: Howard Skolnik, Greg Cox, Brian Williams, Cheryl Burson, Clarence King, Lavert Taylor, William Tate, and Tanya Hill.

The defendants timely removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1443. (Doc. # 1). This court issued its screening order of the complaint. (Doc. # 11). The court recognized the following claim:

. . .

. . .

Plaintiff alleges that he is Jewish. He claims that prison officials have denied his requests to be provided kosher meals; they required that he provide recognition from an outside Jewish organization that he actually is a conservative or orthodox Jew. Plaintiff also claims that prison officials then retaliated against him when he complained about the denial. Plaintiff's allegations, if true, state claims of violations of the Constitution of the United States and of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

(Doc. # 11).

Defendants filed a motion to dismiss in this case alleging that plaintiff failed to exhaust his administrative remedies. The court granted the motion and held that "[i]n plaintiff's grievance, he does not make the same claims as those that survived the screening in this lawsuit." (Doc. # 32). The court found that plaintiff failed to exhaust his administrative remedies.

Plaintiff has filed the instant motion. The motion seeks to alter or amend the court's previous findings, or, alternatively, to reconsider the prior order. Plaintiff makes new arguments, but does not respond directly to the court's reasoning or findings.

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)).

## III. Discussion

Plaintiff does not offer newly discovered evidence or argue that there has been an intervening change in the law. For the first time, plaintiff argues that this court should have stayed the action pursuant to NRS 41.0322(3) while he exhausted his administrative remedies.

1   However, only federal claims are alleged in this lawsuit. NRS 41.0322 does not apply to federal claims. Plaintiff's federal claims are controlled by the Prison Litigation Reform Act ("PLRA"). The PLRA requires an inmate to exhaust his or her administrative remedies prior to bringing federal claims in federal court. *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life. . . ."); *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) ("Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further [ ] Congressional objectives; permitting exhaustion *pendente lite* will inevitably undermine attainment of them.").

To the extent plaintiff seeks to alter or amend the judgment pursuant to Rule 59(e), plaintiff is making new arguments for the first time. Motions to alter or amend are not an appropriate forum for raising new arguments for the first time. *Carroll*, 42 F. 3d at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation.

Additionally, plaintiff is not actually presenting the motion to reconsider based on one of the three reasons for a motion for reconsideration (new evidence, intervening change in the law, or clear error), but hoping the court will come out a different way if it thinks about the issue again. This is not the true purpose of a motion for reconsideration. *"*Motions for reconsideration are not appropriate when a party wants the court to think about the issue again in the hope that the court will come out the other way the second time." *Teller v. Dogge*, no. 2:12-cv-591-JCM-GWF, 2013 WL 508326, at *6 n. 6 (D. Nev. Feb. 8, 2013).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to alter or amend the judgment (doc. # 36) be, and the same hereby, is DENIED.

DATED August 8, 2013.

_____
UNITED STATES DISTRICT JUDGE