# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

EDWARD FINLEY,

        Plaintiff,

vs.

HOWARD SKOLNIK, *et al.*,

        Defendants.

2:10-cv-01782-JCM-VCF

**ORDER**

Before the Court is the Ex Parte Motion for Order Permitting Service by Publication of Defendant Tiffany Garnett and Order Extending Time for Service (ECF NO. 103).

**<u>Service By Publication</u>**

Pursuant to Fed. R. Civ. P. 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4(e)(1) of the Nevada Rules of Civil Procedure, "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons."

1  Plaintiff asserts that after diligent effort, it is unable to serve Tiffany Garnett. In support of this assertion, Plaintiff provided the court with a Declaration that he is unable to serve Ms. Garnett after diligent efforts. (ECF No. 103 at p. 8).

The court finds that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), permitting service by publication of the Summons and Second Amended Complaint is warranted on Ms. Garnett. Pursuant to Rule 4(e)(1)(iii), the publication must be made in a newspaper, published in the State of Nevada, for a period of 4 weeks, and at least once a week during said time. Nev. R. Civ. P. 4(e)(1)(iii).

**Extension For Service**

Fed. R. Civ. P. 4(m) requires a defendant to be served within 90 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within that time-frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff asserts that additional time is required to effect service, and asks this court to extend the 4(m) deadline for Garnett. (ECF No. 103). The last day to effectuate service was July 2, 2018. Fed. R. Civ. P. 4(m). Given that Plaintiff has demonstrated "good cause" for his failure to effectuate service and has provided support for his request for an extension, the court will extend the 4(m) deadline, up to and including October 1, 2018. See Fed. R. Civ. P. 4(m).

Since this motion is filed as ex-parte, Defendants received no notification of the filing of instant motion through CM/ECF. Plaintiff has not provided the court with any reason to grant the relief on an ex parte basis.

Pursuant to Local Rule IA 7-2(b), neither party nor an attorney for any party may make an *ex parte* communication with the court except as specifically permitted by the local rules or the Federal Rules of Civil Procedure. Here, Plaintiff has not given good cause or any compelling reason why the instant motion was submitted to the Court without notice to defendants.

1  Accordingly,

2  IT IS HEREBY ORDERED that Motion for Order Permitting Service by Publication of Defendant

3  Tiffany Garnett and Order Extending Time for Service (ECF NO. 103) is GRANTED.

4  IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i)

5  and (iii), the Summons on Tiffany Garnett in this action must be served by publication in a newspaper,

6  published in the state of Nevada, for a period of four weeks and at least once a week during that time.

7  IT IS FURTHER ORDERED that a copy of the Summons and Complaint must be mailed to

8  Garnett at her last known address by certified U.S. Mail, return receipt requested.

9  IT IS FURTHER ORDERED that the deadline to effect service of process is extended up to and

10  including October 1, 2018 for Garnett.

11  The Clerk of Court is directed to remove the ex parte status from the instant motion.

12  DATED this 20th day of July, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE